UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENE PATRICE THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3505** |
| **ENRICHED SCHOOLS** | **SECTION "O"(4)** |

**ORDER AND REASONS**

Plaintiff Jene Patrice Thomas filed an *ex parte* **Motion for Appointment of Attorney Pursuant to 42 U.S.C. § 2000e-5(f)(1) (ECF No. 19)** requesting that counsel be appointed to assist her in this *in forma pauperis* civil rights case brought under the Americans with Disabilities Act, 42 U.S.C. § 12117. Thomas sued defendant Enriched Schools alleging that she was unlawfully terminated from her employment with defendant because of an alleged disability. ECF No. 1. In her motion, Thomas claims that she is unable to pay for a lawyer and has been unsuccessful in obtaining *pro bono* counsel. ECF No. 19, at 1. The Court scheduled the motion for submission for July 3, 2024, and ordered Thomas to provide additional information as to her efforts to obtain counsel, which she has done. ECF Nos. 23, 24.

I. **Standards for Appointment of Counsel**

   A. **Appointment under Title VII**

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e provides for the appointment of an attorney upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). Courts consider: (1) the merits of the claims of discrimination; (2) the efforts taken by plaintiff to obtain counsel; and (3) plaintiff's financial ability to retain counsel. *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977); *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)).

Though these factors are not exclusive, and no one factor is conclusive, the evaluation of the merits of the claim is most important, considering the unfairness of imposing on a member of the bar to serve when there is little chance of success. *Buesgens v. Snow*, 169 F. App'x 869, 871 (5th Cir. 2006). Determinations by the EEOC are "highly probative" of the merits of a plaintiff's case and are properly considered when assessing a request to appoint counsel. *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (citing *Gonzalez*, 907 F.2d at 580). Under the second factor, a reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement. *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999); *see also Smith v. Baton Rouge Radiology Grp.*, No. 12-400, 2013 WL 3246142, at *2 (M.D. La. June 24, 2013) (plaintiff failed to make diligent effort to obtain counsel where she contacted several attorneys, but failed to "state whether or not she had inquired about the possibility of a contingency fee agreement with any attorney.").

B. **Appointment under the Pauper Statute**

Appointment of counsel is also available in civil rights cases, like this one, that are proceeding under the *in forma pauperis* statute. 28 U.S.C. § 1915(e)(1). Appointment of counsel under this provision is only to be considered when exceptional circumstances exist that warrant the appointment. *Pena v. Brown*, 637 F. App'x 162 (5th Cir. 2016) (counsel is only appointed under exceptional circumstances in a civil rights case); *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012) ("An attorney should be appointed only if exceptional circumstances exist."). The Court looks to several factors when considering a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is able to present the case adequately; (c) whether the person is in a position to investigate the case adequately; and (d) whether the evidence

will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992)); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Dung Ngoc Huynh v. Baze*, 317 F. App'x 397, 399 (5th Cir. 2009) (citing *Parker*, 978 F.2d at 193).

The appointment of counsel in a civil case is a privilege, not a constitutional right. *Paskauskiene*, 527 F. App'x at 333 (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Naranjo v. Thompson*, 809 F.3d 793, 801-02 (5th Cir. 2015). Thus, a civil rights complainant, even if indigent, "has no right to the automatic appointment of counsel." *Ulmer*, 691 F.2d at 212; *see Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023). Instead, appointment of counsel is at the discretion of the court when doing so "would advance the proper administration of justice," and be a service to the court and all parties in the case by "sharpening the issues . . ., shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Ulmer*, 691 F.3d at 213.

**II.  Discussion**

Considering appointment under both Title VII, and the pauper statute, this Court previously granted Thomas pauper status, and finds this sufficient to establish her financial inability to retain counsel. ECF No. 3. In her response to the Court's order for information, Thomas indicated that she contacted a self-help legal service and three attorneys, all of whom were unable or unwilling to assist her free of charge. ECF No. 24. This is sufficient to establish that she has made diligent efforts to seek counsel on her own.

Nevertheless, on review of her claims, and the circumstances of the case, it does not appear that Thomas is entitled to appointment of counsel. For purposes of Title VII appointment,

Thomas's claim of discriminatory discharge from employment is currently under review by the District Judge through the defendant's pending Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to present facts or otherwise state a plausible claim in her Complaint. *See* ECF No. 15. Briefly, defendants' motion argues, *inter alia*, that Thomas failed to plead factual support for her allegations that she suffered with a disability or that defendant knew about the disability when she was released from employment for alleged failings in her duties. *Id.*

In issuing its right to sue letter, the EEOC declined to proceed further with its investigation, making no comment on the merits of Thomas's claims themselves. ECF No. 1-1, at 1. The findings from the Social Security Administration Administrative Law Judge indicated that Thomas "has not been under a disability within the meaning of the Social Security Act from August 17, 2018, through the date of this decision," which was August 30, 2021. ECF No. 6.

Based on the foregoing, although the Court has not yet ruled on defendant's motion, strictly for purposes of this motion to appoint counsel, it appears that "the merits of [plaintiff's] claims are weak," and it would be "unfair[ ] to requir[e] an attorney to donate his or her time when there is little chance of success from this perspective and it would be it does not appear appropriate to burden counsel with appointment." *Buesgens*, 169 F. App'x at 871. Thomas is not entitled to appointment under Title VII parameters.

For purposes of appointment under the pauper provision, although any litigant could benefit from assistance of counsel, the circumstance of this case do not involve exceptional circumstances to require appointment of counsel. *Carter v. Allen*, 762 F. App'x 827, 836 (11th Cir. 2019). Thomas, an apparently well-educated person with Ph.D. and M.A. degrees, has demonstrated an ability to present her arguments and prepare cogent pleadings. Under a broad reading of her *pro se* complaint, the claims that she has or seeks to assert (*see* Plaintiff's

4

Opposition, ECF No. 18) are not factually or legally complex.  Her claims also do not appear to involve complex evidence, testimony, or circumstances that would require assistance of counsel, even if the potential for conflicting testimony should develop.  *See James v. Gonzalez*, 348 F. App'x 957, 958 (5th Cir. 2009) ("conflicting testimony" are among the "common elements in civil rights cases" and does not necessarily "rise to the level of exceptional circumstances.").

In summary, Thomas's claims themselves are not unusual or exceptional and instead appear typical of this type of civil action, an action in which she has demonstrated an ability to present her claims.  Should it become apparent that the judicial process would benefit from appointment of counsel as the case evolves, the circumstances can be evaluated at that time.  *Ulmer*, 691 F.2d at 213.  Accordingly,

**IT IS ORDERED** that Thomas's **Motion for Appointment of Attorney Pursuant to 42 U.S.C. § 2000e-5(f)(1) (ECF No. 19)** is **DENIED**.

New Orleans, Louisiana, this 19th day of July, 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**