UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENE PATRICE THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3505** |
| **ENRICHED SCHOOLS** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is Defendant Enriched Schools' motion[1] to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Pro se* Plaintiff Jene' Patrice Thomas opposes[2] the motion and Defendant has filed a reply.[3] For the reasons that follow, the Court hereby orders that the motion to dismiss is **GRANTED**.

## I. BACKGROUND

Using a pre-printed complaint form (the "Complaint"), Plaintiff Thomas brings a claim under the Americans with Disabilities Act (ADA)[4] against her former employer, Defendant Enriched Schools, alleging discrimination that occurred on November 5, 2021.[5] In the Complaint, Plaintiff alleges Defendant involuntarily terminated her employment because of her "mental disability."[6] Plaintiff seeks $30,000 in lost wages and $10,000 in "health related damages."[7] Although the form

---

[1] ECF No. 15.
[2] ECF No. 18.
[3] ECF No. 20.
[4] 42 U.S.C. §§ 12112–12117.
[5] ECF No. 1.
[6] *Id.* at 4.
[7] *Id.* at 4–5.

includes a section prompting Plaintiff to state the facts of her case, Plaintiff left that section blank.[8] But she appended to the Complaint excerpts from Defendant's employment manual and several pages of text messages and emails, all without context.[9] She also appended a "right to sue" letter from the U.S. Equal Employment Opportunity Commission (EEOC), dated June 15, 2023, indicating EEOC had decided not to pursue Plaintiff's claim.[10]

The day after filing her Complaint, Plaintiff filed a separate "Notice of Evidence," to which she attached a decision from a Social Security Administration Administrative Law Judge ("ALJ") denying Plaintiff's request for social security disability benefits.[11] The ALJ decision noted that Plaintiff suffered from a "severe impairment," depression, for which she had received treatment.[12] But the decision also determined that Plaintiff's depression was not a "disability" as defined in the Social Security Act, and accordingly Plaintiff did not qualify for benefits between August 17, 2018, when her depression allegedly began, and August 30, 2021, the date of the ALJ decision.[13]

Plaintiff also attached to the Notice of Evidence records of her treatment sessions with a therapist.[14] The records reflected that Plaintiff was treated for "Major Depressive Disorder" between November 19, 2021, and December 29, 2021.[15]

---

[8] *Id.*
[9] ECF No. 1-1 at 8–62.
[10] *Id.* at 1–7.
[11] ECF No. 6 at 2–15.
[12] *Id.* at 8.
[13] *Id.* at 15.
[14] *Id.* at 24–38.
[15] *Id.*

Finally, relevant to the pending motion, Plaintiff attached to the Notice of Evidence an email to a nonprofit group from which she sought (unsuccessfully) legal services in connection with this case.[16] The email offers some basic background facts.[17] In the email Plaintiff described working for Defendant from September 2021 until November 2021 as a "Guest Educator[,] which is like an educational consultant or substitute teacher for several charter schools."[18] During that time Plaintiff asked to be removed from two schools that "posed a danger to [her]"; she alleged that at one school a student "threw a pencil towards [her] eye," and at the other school the students were "cursing vulgarly."[19] According to Plaintiff's email, after reporting these issues to Defendant, "the next thing [she] knew [she] was being pulled off all assignments."[20] Plaintiff alleged that Defendant thereafter refused to assign her additional work; her last day of work was November 5, 2021, although she remained on the payroll until April 2022.[21] According to the email, Plaintiff was "never informed" of performance issues during her employment, and several schools in fact wanted to hire Plaintiff for a permanent position.[22] But after Plaintiff filed her lawsuit, according to the email, Defendant claimed that "parents [had been] calling in about [her]."[23]

---

[16] *Id.* at 39–41.
[17] *Id.*
[18] *Id.* at 40.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*

3

Importantly, Plaintiff acknowledged in the email that she "did not ask [Defendant] for an accommodation for mental or severe depression because [she] believed that asking to be removed from those schools for the reasons provided solved the dilemma without needing to request an accommodation."[24] In the email Plaintiff concluded that because she had been "pulled off all assignments without any reason," she was wrongfully terminated.[25]

Defendant moved to dismiss Plaintiff's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiff failed to allege in her Complaint specific facts to support a disability discrimination claim.[26] Defendant argued that, even were the Court to consider the additional facts alleged in Plaintiff's separate Notice of Evidence, those facts do not plausibly support a claim under the ADA.[27]

In response, Plaintiff did not dispute that her Complaint was defective; rather, she offered new facts supporting her claim.[28] Most relevant to the pending motion, Plaintiff provided details regarding her work qualifications: she earned a Doctorate of Education in Educational Leadership in 2020 and a Masters of Arts in Organizational Development in 2009, and has "extensive experience in education, leadership, and lesson planning dating back to 2002."[29] Plaintiff also claimed that Defendant failed to follow its own employment manual by not informing Plaintiff of concerns about her performance, and instead kept Plaintiff on the payroll long after

---

[24] *Id.*
[25] *Id.*
[26] ECF No. 15-1 at 5–10.
[27] *Id.* at 7–8.
[28] ECF No. 18.
[29] *Id.* at 1.

4

it had decided to terminate Plaintiff, denying her an opportunity to seek unemployment benefits for approximately six months.[30]

Moreover, Plaintiff clarified the crux of her claim: that she had asked Defendant to be removed from a particular school on October 13, 2021, because of safety concerns, and this request prompted Defendant to "retaliate[] against" her in violation of the ADA.[31] Yet Plaintiff also claimed that, after requesting removal from the school, she completed eight more Guest Educator assignments with Defendant before being told "not to come to work November 5, 2021."[32] Finally, Plaintiff again confirmed that she "had no opportunity to request an accommodation [from Defendant] because she was wrongfully discharged within her first 30 days."[33]

Defendant's reply argued that, even with the newly-raised facts, Plaintiff still failed to articulate a plausible claim of disability discrimination.[34]

## II. LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). And a party may move to dismiss a complaint that fails to meet this requirement. *See* FED. R. CIV. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S.

---

[30] *Id.* at 4–7.
[31] *Id.* at 6.
[32] *Id* at 2.
[33] *Id.*
[34] ECF No. 20.

662, 678 (2009). A claim is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And the Court "will not 'strain to find inferences favorable to the plaintiffs.'" *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (quoting *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir. 1996)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In the instant case, Plaintiff is proceeding *pro se*.[35] "While *pro se* complaints are held to less stringent standards than those drafted by a lawyer, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Bell v. State Prison Offs.*, No. 23-30339, 2024 WL 2863293, at *3 (5th Cir. June 6, 2024) (internal quotations and citations omitted). To survive a motion to dismiss, a complaint, even one drafted by a *pro se* plaintiff, must

---

[35] Plaintiff's motion for appointed counsel, ECF No. 19, was denied by U.S. Magistrate Judge Karen Wells Roby. ECF No. 25.

contain enough factual matter "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### III. ANALYSIS

Defendant is entitled to dismissal because Plaintiff has not alleged sufficient facts to state a plausible claim of discrimination under the ADA. To establish an ADA discrimination claim, "the employee has the burden to prove the *prima facie* elements: (1) that [s]he has a disability; (2) that [s]he was qualified for the job; and (3) that [s]he was subject to an adverse employment decision on account of h[er] disability." *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 520–21 (5th Cir. 2021) (internal quotations and citations omitted). Plaintiff's allegations, taken together, fail to plead sufficient facts supporting each of these elements.

Before taking up the elements, the Court must first determine which of Plaintiff's factual allegations to consider for purposes of a Rule 12(b)(6) motion. As a general matter, a district court typically confines its analysis to allegations within the four corners of a complaint. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). "[C]ourts must limit their inquiry to the facts stated in the complaint and documents either attached to or incorporated in the complaint." *Callins v. Napolitano*, 425 F. App'x 366 (5th Cir. 2011) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). *See also Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments,

documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Here, Plaintiff filed a threadbare *pro se* Complaint containing little more than the conclusory allegation that she suffered from a "mental disability" for which she was "involuntarily terminated."[36] Plaintiff's Notice of Evidence, filed the day after the Complaint, alleged additional facts and context but failed to incorporate itself into the Complaint by reference.[37] Defendant's Rule 12(b)(6) motion highlighted this deficiency, but argued that "even if the Court were to consider it, the 'Notice of Evidence Summary' does not provide plausible, factual support for Plaintiff's claim of disability under the ADA."[38] Defendant then analyzed each of the three elements of Plaintiff's ADA discrimination claim and argued that the allegations in the Complaint and Notice of Evidence, taken together, fail to meet the Rule 8 pleading requirement.[39]

In her response to the Rule 12(b)(6) motion, Plaintiff alleged new facts not previously raised in the Complaint or Notice of Evidence.[40] These facts would typically be disregarded in Rule 12(b)(6) analysis. *See Williams v. Franciscan Missionaries of Our Lady Health Sys., Inc.*, No. CV 18-323-JWD-EWD, 2019 WL 1370871, at *4 (M.D. La. Mar. 26, 2019) ("[T]he Court cannot consider facts alleged for the first time in briefing but not in the amended complaint."); *Marusak v. Sema*

---

[36] ECF No. 1 at 4–5.
[37] ECF No. 6.
[38] ECF No. 15-1 at 7–8.
[39] *Id.* at 5–10.
[40] ECF No. 18.

8

*Construction, Inc.*, No. 4:21-CV0475-P, 2022 WL 1164911, at *2 n.1 (N.D. Tex. Apr. 20, 2022) ("[F]actual allegations cited in a response or objection that are not in the petition or complaint are not properly before the Court.").

However, courts are loath to dismiss a defective complaint by a *pro se* plaintiff without first affording the plaintiff an opportunity to cure any pleading deficiencies. "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). "Such error may be ameliorated, however, if the plaintiff has alleged his best case, or if the dismissal was without prejudice." *Id.* "While a precise definition of a plaintiff's 'best case' is elusive, this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint." *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008).

Here, Plaintiff's allegations are spread across her Complaint, her Notice of Evidence, and more recently her response to Defendant's motion to dismiss.[41] This latter document[42] was filed after Defendant's dismissal motion "apprised [Plaintiff] of the insufficiency of the complaint," affording Plaintiff an opportunity to assert her "best case." *Dark*, 293 F. App'x at 257 (internal quotation omitted). Plaintiff's ability to offer new and additional facts after Defendant filed its Rule 12(b)(6) motion would ameliorate concern that Plaintiff has been unfairly disadvantaged in proceeding without an attorney.

---

[41] ECF Nos. 1, 6, and 18.
[42] ECF No. 18.

9

Thus, mindful of the requirement that the claims of a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court has considered all of Plaintiff's allegations across the three filings (and their attachments) in evaluating the merits of Defendant's motion. Still, the Court finds these filings lack sufficient facts supporting the *prima facie* elements of an ADA claim.

For starters, Plaintiff fails to allege that she has a "disability," which is defined under the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). While the Fifth Circuit has recognized certain types of mental health conditions, including depression, as "disabilities" for ADA purposes, *see Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 479–80 (5th Cir. 2023), as revised (Aug. 4, 2023) (citing *Hostettler v. Coll. Of Wooster*, 895 F.3d 844, 854 (6th Cir. 2018)), Plaintiff does not allege if and how her depression constitutes a "mental impairment that substantially limits one or more major life activities."

The ALJ decision in particular undermines her claim of a "disability."[43] That decision noted that, notwithstanding her depression, Plaintiff could "perform a full

---

[43] ECF No. 6 at 2–15.

10

range of work at all exertional levels."[44] Further, "she can understand, remember, and carry out complex tasks on a regular and continuing basis."[45] While the ALJ advised that Plaintiff should "work with things rather than people . . . in a routine work setting,"[46] the ALJ gave no indication that Plaintiff was limited in her "major life activities"—to the extent such limitation would qualify her depression as a "disability" under the ADA.

Second, Plaintiff has not sufficiently alleged that she was terminated because of her depression. Nothing in Plaintiff's pleadings indicates that Defendant was aware of her alleged disability, nor that Plaintiff's alleged disability was otherwise obvious. There is no evidence that Defendant received the ALJ decision or records of mental health treatment during Plaintiff's employment. And Plaintiff acknowledged that she never requested an accommodation from Defendant.[47] *See e.g.*, *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 485 (5th Cir. 2023) ("Failure to request an accommodation, particularly where an employee's disability is not obvious, will doom a claim.")

Plaintiff nonetheless avers that Defendant retaliated against her after she requested removal from certain schools, noting that "[a]n employee experiencing a disability and being retaliated against . . . is discrimination under the ADA."[48] But the Court strains to understand how Plaintiff's request for removal from specific

---

[44] *Id.* at 10.
[45] *Id.*
[46] *Id.*
[47] ECF No. 18 at 2.
[48] *Id.* at 6.

11

schools due to students' threatening behavior was sufficient to inform Defendant that Plaintiff suffered from a disability, i.e., depression. Even more attenuated is the suggestion that Defendant terminated Plaintiff's employment because of the alleged disability. In fact, Plaintiff's acknowledgement that she worked eight additional work assignments after her removal from specific schools undermines her claim of a necessary link between her termination and her disability.[49]

Even in liberally construing Plaintiff's filings, the Court is unable to infer an adequately-pled discrimination claim under the ADA. Thus, Defendant is entitled to a dismissal of the Complaint under Rule 12(b)(6).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[50] to dismiss by Defendant Enriched Schools is **GRANTED.**

New Orleans, Louisiana, this 19th day of August, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[49] *Id.* at 2.
[50] ECF No. 15.